UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN WEST II,**
on behalf of himself and all other persons similarly situated, known and unknown,
    Plaintiff,

vs.

**YUM! BRANDS, INC.,**
a Kentucky for-profit business,
    Defendant.

Case No:
Hon.
Magistrate Judge

_____/

Bryan Yaldou (P70600)
Elaina S. Bailey (P82461)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*
_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff John West ("Plaintiff West"), by and through his attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, for his Complaint against

1

Defendant Yum! Brands, Inc. ("Defendant Yum! Brands"), and hereby alleges the following:

## INTRODUCTION

1. This is a civil action seeking relief under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Michigan Workforce Opportunity Act ("WOWA"), MCL § 408.411 *et seq.* Plaintiff is a former employee of Defendant Yum! Brands ("Defendant") whose rights under these statutes have been violated and he now seeks to recover the benefits due to him and other similarly situated current and former employees from Defendant under the FLSA and the WOWA as a result of Defendant Yum! Brands' failure to pay minimum wages and overtime wages.

2. Plaintiff seeks a declaration that his rights under the FLSA have been violated, an award of the unpaid wages owed to him, an award of liquidated damages in an amount equal to the unpaid wages owed to him, and an award of reasonable attorneys' fees and costs as provided for in the FLSA, in order to compensate him for damages suffered, and to ensure that they and future employees will not suffer as a result of such illegal conduct on the part of Defendant Yum! Brands in the future.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's state law WOWA claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to claims to the FLSA action in which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Plaintiff resides in this District, worked for Defendant Yum! Brands in this District, suffered the damages at issue in this District, because Defendant Yum! Brands has significant business contacts within this District, and because the actions and events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff West is an adult citizen of the State of Michigan, who resides in this judicial district.

7. Defendant Yum! Brands is a for-profit Kentucky corporation.

8. The annual gross volume of sales made or business done by Defendant Yum! Brands exceeds $500,000.00, exclusive of excise taxes.

## STATEMENT OF MATERIAL FACTS

9. Plaintiff West is a former employee of Defendant Yum! Brands.

10. Plaintiff West worked as a Crew Member at Defendant Yum! Brands' Taco Bell restaurant located at 23759 West Rd., Brownstown Charter Twp., MI 48183. (Exhibit A, ¶ 1, 4).

11. During his employment with Defendant Yum! Brands, Plaintiff West was involved in the handling of goods, including perishable produce and food products, which moved within interstate commerce.

12. Plaintiff West's rate of pay was $9.50 per hour. (Exhibit A, ¶ 6).

13. Plaintiff West regularly worked more than 40 hours in a workweek. (Exhibit A, ¶ 8).

14. Plaintiff West typically worked four or five days a week between the hours of 4:00 p.m. and 7:00 a.m. (Exhibit A, ¶ 7).

15. During his employment, Plaintiff West personally saw his managers reduce the hours that hourly employees worked in their timekeeping system located in the backroom. (Exhibit A, ¶ 11).

16. Managers would joke and laugh about deleting employees' hours from the timekeeping system. (Exhibit A, ¶ 11).

17. Plaintiff West personally witnessed at least three managers engage in this practice. (Exhibit A, ¶ 11).

18. From what Plaintiff West saw and talked to the managers about, he knows of at least five employees whose hours were deleted. (Exhibit A, ¶ 11).

19. Plaintiff West believes that he was not paid for all of the time that he worked because his records of punching in and out did not reflect his paychecks. (Exhibit A, ¶ 12).

20. Another timekeeping issue arose in the form of mandatory, off-the-clock meetings for Crew Members. (Exhibit A, ¶ 13).

21. These unpaid meetings were between one and one-half and two hours long. (Exhibit A, ¶ 13).

22. These meetings took place twice while Plaintiff West worked for Defendant Yum! Brands. (Exhibit A, ¶ 13).

23. Lastly, Plaintiff West was not paid for the time he spent in training. (Exhibit A, ¶ 14).

24. Plaintiff West worked three shifts totaling 28 hours when he first began working for Defendant Yum! Brands for which he was not paid. (Exhibit A, ¶ 14).

25. Plaintiff West believes that Defendant Yum! Brands has a policy of not paying for training time because when he asked his manager, Shawna, about getting

5

paid for the time she said that, "it [not being paid for training time] is something that we all go through." (Exhibit A, ¶ 14).

26. Plaintiff and similarly situated employees are owed back wages for hours which they were not compensated for because they were deleted from Defendant's timekeeping system; for hours they were required to attend mandatory meetings off-the-clock; and for unpaid time worked during training.

## **COLLECTIVE ACTION ALLEGATIONS**
### **Violation of The Minimum Wage and Overtime Wage Provisions Of The FLSA, 29 U.S.C. §§ 206, 207**

27. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

28. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b). Plaintiff asserts these claims on behalf of himself, and on behalf of all similarly employees employed by Defendant Yum! Brands who were not compensated in compliance with the FLSA during the relevant period as a result of Defendant Yum! Brands' unlawful compensation policies and practices.

29. Plaintiff seeks to notify the following employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> All hourly employees who worked at Defendant Yum! Brands' 23759 West Rd., Brownstown Charter Twp., MI 48183 location at any time in the last three years.

30. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged above, Plaintiff's and similarly situated employees' claims arise out of Defendant Yum! Brands' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all employees that meet the above description.

31. The identities of these employees, as a group, are known only to Defendant Yum! Brands. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

32. Because these similarly situated employees are readily identifiable to Defendant Yum! Brands and may be located through its records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

33. Collective adjudication is appropriate in this case because the employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff's; have performed work similar to that of Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff was

subject, including unlawful withholding of regular and overtime wages and unlawful application of the FLSA's provisions.

## CLASS ACTION CLAIMS
## Class Action Claims Brought Pursuant to Federal Rules of Civil Procedure Rule 23

34. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

35. Plaintiff seeks to certify his state law claims arising under WOWA as a Federal Rule of Civil Procedure Rule 23 Class Action.

36. The class which Plaintiff seeks to certify as a Fed. R. Civ. P. Rule 23 Class Action is defined as:

> All hourly employees who worked at Defendant Yum! Brands' 23759 West Rd., Brownstown Charter Twp., MI 48183 location at any time in the last three years.

37. A class action under Fed. R. Civ. P. Rule 23 is appropriate because:

　a. The class is so numerous that joinder of class members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff believes that Defendant Yum! Brands has employed a significant amount of Crew Members during the last three years;

b. There are questions of law or fact common to the class and those common questions of law or fact predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

   i. Whether Plaintiff and the Class Members were entitled to the state minimum wage under WOWA;

   ii. Whether Defendant failed to pay the Class Members at least the state minimum wage for all hours that they worked in violation of WOWA;

   iii. Whether Plaintiff and the Class Members were entitled to one and one-half their regular rate of pay for all time worked in excess of 40 hours in a workweek under the WOWA;

   iv. Whether Plaintiff and the Class Members worked hours in excess of 40 hours a workweek; and

   v. Whether Defendant failed to pay Plaintiff and the Class Members at one and one-half their regular rate of pay for all time worked in excess of 40 hours in a workweek in violation of the WOWA.

c. The Plaintiff and Class Members have been equally affected by Defendant's failure to pay minimum wage and overtime wages making

      the claims and defenses of Plaintiff typical of those of the Class Members; and

    d. The Class Representatives will fairly and adequately protect the interests of the Class Members because they have a commonality of interest in the subject matter and remedies sought. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the Class Members, Defendant, and the Court.

38. Therefore, a Rule 23 class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of the Minimum Wage Provision of the FLSA

39. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

40. Plaintiff was an "employee" of Defendant, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant "suffered or permitted" Plaintiff to work for it.

41. Defendant was Plaintiff's "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant "suffered or permitted" Plaintiff to work for it.

42. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

43. Defendant is required to comply with the requirements of the FLSA.

44. Plaintiff was a non-exempt employee who was entitled to the protections of the FLSA.

45. The minimum wage provision of the FLSA, 29 U.S.C. § 206, requires employers to pay employees at least the minimum wage for all time worked.

46. Defendant failed to pay Plaintiff in compliance with the FLSA by not paying him at least the minimum wage for all hours he worked in accordance with 29 U.S.C. § 206.

47. In addition to compensatory damages for his unpaid wages, Plaintiff is owed liquidated damages in an amount equal to his compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and his reasonable attorneys' fees, to be paid by Defendant for its willful failure to pay at least the minimum wage for all hours worked by Plaintiff.

## COUNT II
## Violation of the Overtime Wage Provision of the FLSA

48. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

11

49. Plaintiff was an "employee" of Defendant Yum! Brands, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant "suffered or permitted" Plaintiff to work for it.

50. Defendant was Plaintiff's "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant "suffered or permitted" Plaintiff to work for it.

51. Defendant is required to comply with the requirements of the FLSA.

52. Plaintiff was a non-exempt employee who was entitled to the protections of the FLSA.

53. The overtime wage provision of the FLSA, 29 U.S.C. § 207, requires employers to pay employees at least one and one-half their regular rate of pay for all hours worked in a workweek in excess of 40 hours.

54. Defendant failed to pay Plaintiff in compliance with the FLSA because he was not paid at least one and one-half his regular rate of pay for hours worked in excess of 40 hours in accordance with 29 U.S.C. § 207.

55. In addition to compensatory damages for his unpaid wages, Plaintiff is owed liquidated damages in an amount equal to his compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and his reasonable attorneys' fees, to be paid by Defendant for its willful failure to pay at least the minimum wage for all hours worked by Plaintiff.

## COUNT III
## Violation of the Minimum Wage Provision of the WOWA

56. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

57. Plaintiff was Defendant's "employee" as that term is defined by the WOWA, MCL § 408.412.

58. Defendant was Plaintiff's "employer" as that term is defined by the WOWA, MCL § 408.412.

59. Defendant knowingly, intentionally, and willfully failed to pay Plaintiff and the putative class members at least the Michigan minimum wage for all hours worked, in violation of the WOWA, MCL § 408.414.

60. As a result of Defendant's failure to pay Plaintiff the applicable Michigan minimum wage, Plaintiff is entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to his compensatory damages, costs of his lawsuit, and his reasonable attorneys' fees pursuant to MCL § 408.419.

## COUNT IV
## Violation of the Overtime Wage Provision of the WOWA

61. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

62. Plaintiff was Defendant's "employee" as that term is defined by the WOWA, MCL § 408.412.

63. Defendant was Plaintiff's "employer" as that term is defined by the WOWA, MCL § 408.412.

64. Defendant knowingly, intentionally, and willfully failed to pay Plaintiff and the putative class members at least the Michigan overtime wage for hours worked in excess of 40 hours in a workweek, in violation of the WOWA, MCL § 408.414(a).

65. As a result of Defendant's failure to pay Plaintiff the applicable Michigan overtime wage, Plaintiff is entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to his compensatory damages, costs of his lawsuit, and his reasonable attorneys' fees pursuant to MCL § 408.419.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that this Court grant the following relief:

A. The actions of Defendant complained herein be adjudicated, decreed, and declared a violation of Defendant's obligations under the FLSA;

B.  The actions of Defendant complained herein be adjudicated, decreed, and declared a violation of Defendant's obligations under the WOWA;

C.  Find that Defendant willfully violated the FLSA and enter judgment in Plaintiff's favor and accordingly against Defendant;

D.  Find that Defendant willfully violated the WOWA and enter judgment in Plaintiff's favor and accordingly against Defendant;

E.  Certify the FLSA claims in this case as a collective action under Section 16(b), 29 U.S.C. § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendant's employees who are similarly situated to Plaintiff;

F.  Certify the WOWA claims in this case as a class action under Federal Rules of Civil Procedure Rule 23;

G.  Declare the rights of the parties and provide commensurate injunctive relief;

H.  Award any compensatory damages due to Plaintiff for any unpaid wages together with an equal amount in liquidated damages according to the applicable statutes of limitations;

I.  Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

15

  J. Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendant due to its above-described improper conduct;

  K. Award reasonable attorneys' fees and costs to Plaintiff's counsel as allowed by applicable law and statute; and

  L. Award such other and further relief as the Court deems just and appropriate.

## **JURY DEMAND**

NOW COMES Plaintiff West, by and through his attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, on behalf of himself and other similarly situated employees, and hereby demands a trial by jury of the above entitled matter.

Respectfully Submitted,

/s/ Bryan Yaldou

Bryan Yaldou (P70600)
Omar Badr (P70966)
LAW OFFICES OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

September 5, 2018

## **CERTIFICATE OF SERVICE**

 I certify that on September 5, 2018 I electronically filed the forgoing paper with the Clerk of the Court using ECF system, which will send notification of such filing to all counsel of record.

Dated: <u>September 5, 2018</u>

Signed: <u>/s/ Bryan Yaldou</u>