## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOHN WEST II**,
on behalf of himself and all other persons similarly situated, known and unknown,

     Plaintiff,

-vs-

**TACO BELL OF AMERICA, LLC**,

     Defendant.

Hon. George Caram Steeh
Mag. R. Steven Whalen
Civil Action No. 2:18-cv-12750

---

Bryan Yaldou (P70600)
Elaina S. Bailey (P82461)
THE LAW OFFICES OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Allan S. Rubin (P44420)
Daniel C. Waslawski (P78037)
JACKSON LEWIS, P.C.
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
rubina@jacksonlewis.com
daniel.waslawski@jacksonlewis.com
*Attorneys for Defendant*

---

## JOINT MOTION TO APPROVE SETTLEMENT

Now come the parties jointly, by and through their respective counsels, and move this Court for an order approving settlement and in support of their Motion state as follows:

1.     On September 5, 2018, Plaintiff filed a Complaint (ECF # 1) against Yum! Brands, Inc. (hereinafter "Yum!") in the United States District Court for the

Eastern District of Michigan, in which Plaintiff sought relief for, among other things, alleged violations of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. §§ 201 et seq., and the Michigan Workforce Opportunity Wage Act, MCL § 408.411 et seq. ("WOWA") (collectively the "Action").

2.      In particular, Plaintiff alleged that he and others similarly situated to himself were owed back wages for work hours for which they were allegedly not compensated while working at a Taco Bell brand restaurant in Brownstown Charter Township, Michigan.  (*See generally*, ECF # 1.)

3.      On September 8, 2018, Plaintiff moved for conditional certification of a collective action against Yum! as to his FLSA claim.

4.      On September 25, 2018, this Court entered a stipulated order that: (1) dismissed Yum! from this lawsuit  due to the fact that it was an incorrectly identified as a defendant in this matter; (2) substituted Plaintiff's former employer, Taco Bell of America, LLC (hereinafter "Defendant"), as the defendant to this lawsuit; (3) ordered Plaintiff to file an Amended Complaint properly identifying Taco Bell of America, LLC as the defendant in this action; (4) provided Taco Bell of America, LLC with 21 days from the date on which Plaintiff filed his Amended Complaint to file its Answer or other responsive pleading; and (5) denied Plaintiff's Motion for Conditional Certification without prejudice, as moot.  (ECF # 8.)

5. Thereafter, the parties discussed the fact that Defendant intended to compel arbitration of Plaintiff's claims against Defendant on an individualized, non-class/non-collective basis pursuant to the terms of a validly executed arbitration agreement containing a waiver of any right to proceed on a class and/or collective basis. The parties also engaged in settlement discussions. These discussions resulted in the parties reaching an amicable resolution of this case. The terms of that settlement are captured in a written agreement, a copy of which is attached hereto as **Exhibit A.** During these negotiations, all parties were represented by counsel. As a result of this settlement, the parties will save the costs, expense and time associated with proceeding in arbitration.

6. The settlement agreement contains a provision for proposed costs and fees to be paid to Plaintiff's counsel. Plaintiff believes that the costs and fees are reasonable and commensurate with the service rendered by Plaintiff's Counsel and request that they be approved. As part of the settlement, Defendant has agreed not to object to the award of the fees and costs up to the amount stated in the settlement agreement. Defendant takes no other position regarding the reasonableness of the Plaintiff's attorneys' fees and costs.

7. Upon approval of the Settlement, the parties agree that all claims against Defendant will be dismissed <u>with</u> prejudice and <u>without</u> additional costs or attorneys' fees.

8.     The parties agree that the settlement is a fair and reasonable resolution of a bona fide dispute over issues arising under the FLSA. In particular, although Defendant denies that there were violations of the FLSA, the parties agree that the settlement represents a fair compromise of the alleged claims in the event that Plaintiff were to prevail on the merits of his case.

9.     Because the parties believe that the settlement represents a fair resolution of this matter, they jointly ask that the Court approve the settlement of this action and enter the Order attached hereto as **Exhibit B**, approving the settlement and dismissing this case with prejudice.

WHEREFORE,the parties respectfully request that this Court approve the settlement of this action and enter the Order attached hereto as **Exhibit B**, approving the settlement and dismissing this case with prejudice.

| | |
|---|---|
| /s/ Bryan Yaldou | /s/ Allan S. Rubin, with consent |
| Bryan Yaldou (P70600) | Allan S. Rubin (P44420) |
| Elaina S. Bailey (P82461) | Daniel C. Waslawski (P78037) |
| THE LAW OFFICES OF BRYAN YALDOU, PLLC | JACKSON LEWIS, P.C. |
| 23000 Telegraph, Suite 5 | 2000 Town Center, Suite 1650 |
| Brownstown, MI 48134 | Southfield, Michigan 48075 |
| Phone: (734) 692-9200 | (248) 936-1900 |
| Fax: (734) 692-9201 | rubina@jacksonlewis.com |
| bryan@yaldoulaw.com | daniel.waslawski@jacksonlewis.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Dated: November 13, 2018 | Dated: November 13, 2018 |

iv

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOHN WEST II**,
on behalf of himself and all other
persons similarly situated, known and
unknown,

      Plaintiff,

-vs-

**TACO BELL OF AMERICA, LLC**,

      Defendant.

Hon. George Caram Steeh
Mag. R. Steven Whalen

Civil Action No. 2:18-cv-12750

| | |
|---|---|
| Bryan Yaldou (P70600) | Allan S. Rubin (P44420) |
| Elaina S. Bailey (P82461) | Daniel C. Waslawski (P78037) |
| THE LAW OFFICES OF BRYAN YALDOU, PLLC | JACKSON LEWIS, P.C. |
| 23000 Telegraph, Suite 5 | 2000 Town Center, Suite 1650 |
| Brownstown, MI 48134 | Southfield, Michigan 48075 |
| Phone: (734) 692-9200 | (248) 936-1900 |
| Fax: (734) 692-9201 | rubina@jacksonlewis.com |
| bryan@yaldoulaw.com | daniel.waslawski@jacksonlewis.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## BRIEF IN SUPPORT OF THE PARTIES' JOINT MOTION TO APPROVE SETTLEMENT

v

## <u>ISSUE PRESENTED</u>

Whether this should Court approve the executed settlement of this action and enter the proposed order attached to this motion as **Exhibit B** and, thereby, approve the settlement and dismiss this case with prejudice.

Plaintiff answers: Yes.

Defendant answers: Yes.

## <u>MOST APPROPRIATE AUTHORITY</u>

*Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, (E.D. Mich. Nov. 2, 2012)

*Gaffers v. Kelly Servs.,* No. 16-2210, ___F. 3d. ___, 2018 U.S. App. LEXIS 22613, 2018 FED App. 0170P (6th Cir. Aug. 15, 2018)

*Williams v. K&K Assisted Living LLC,* 2016 U.S. Dist. LEXIS 9310 (E.D. Mich. Jan. 27, 2016)

## MEMORANDUM OF LAW

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) (Lawson, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1]  Thus, when settling disputes under the FLSA, the parties must submit their agreed-upon settlement to the Court for a determination as to whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Snook v. Valley Ob-Gyn Clinic, P.C.*, 2015 U.S. Dist. LEXIS 2989, 1-3 (E.D. Mich. Jan. 12, 2015) (citing *Lynn's Food Stores*, 679 F.2d at 1354-55); *see also Gentrup v. Renovo Servs., LLC*, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922, at *2 (S.D. Ohio Jun. 24, 2011). "If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging

---

[1] Courts have differed as to the enforceability of a private settlement of an FLSA claim. *Whiteman v. 1st Class Towing, Inc*., 2015 U.S. Dist. LEXIS 66524, *2 (W.D. Mich. April 30, 2015) citing, *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (A settlement agreement "is an enforceable resolution of those FLSA claims predicated on a *bona fide* dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves.") (emphasis supplied); *see also Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp.2d 608, 631 (W.D. Tex. 2005) ("[P]arties may reach private compromises as to FLSA claims where there is a *bona fide* dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances.") Due to the difference in the treatment of FLSA settlements by the courts (some requiring approval, while others do not) the parties seek approval of the settlement in this case.

settlement of litigation." *Arrington*, 2012 U.S. Dist. LEXIS 157362, \*2 (internal citations and quotations omitted); *see Lynn's Food Stores*, 679 F.2d at 1354.

In *Lynn's Food Stores,* the court held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d at 1352. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Snook,* 2015 U.S. Dist. LEXIS 2989 at \* 1-3 (citing *Lynn Food Stores*, 679 F. 3d at 1352).

To determine whether a proposed FLSA settlement is fair and reasonable, courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Snook*, 2015 U.S. Dist. LEXIS 2989 at \* 2-3, citing *Lynn's Food Stores*, 679 F.2d at 1352-53 (citing *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); and *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)).

A district court may choose to consider only the factors that are relevant to the settlement at hand. *Gentrup*, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922, at *3.

Once the Court determines that the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Williams v. K&K Assisted Living LLC,* 2016 U.S. Dist. LEXIS 9310 *4 (E.D. Mich. Jan. 27, 2016); *see Lynn Food Stores,* 679 F.2d at 1354; *see also Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

## A. THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF DISPUTED CLAIMS.

This settlement reached between the parties is fair and reasonable. The settlement resolves a disputed claim between adverse parties and puts an end to litigation that would be far costlier to pursue given the complexity of issues in this matter. Accordingly, it should be approved.

*1. No Risk of Fraud or Collusion*

There is no risk of fraud or collusion. The Plaintiff was at all times represented by experienced counsel who litigated aggressively on his behalf. The Defendant was likewise represented by experienced counsel who litigated this matter aggressively on its behalf. The individual claim of the Plaintiff is subject to substantial dispute. Thus, while this settlement resolves Plaintiff's individual claim, it binds only him and no one else, and the settlement does not provide a windfall recovery to either Plaintiff or his counsel. Hence, this factor favors approval.

### 2. *The Complexity, Expense and Duration of The Case*

Defendant owns and operates a Taco Bell restaurant in Brownstown Charter Township, Michigan. As to liability, Plaintiff alleges that he was not properly compensated for all hours worked. Specifically, Plaintiff alleges: members of management improperly reduced the number of hours he worked as recorded in Defendant's timekeeping system; he was not paid wages during mandatory work meetings; and he was not paid for time spent during training. Defendant wholly denies the allegations. Due to the parties' diametrically opposed positions, resolution of this matter, apart from settlement, would require either motion practice or trial, whether before this Court or an arbitrator. *See infra*, Section A.3.

Whether Plaintiff was not properly paid wages for time worked and if so, what damages he suffered, is disputed by the parties. Regardless of the merits of these disputes, their existence will only likely increase the attorneys' fees expended by the

parties, regardless of whether this matter proceeds before this Court or in arbitration pursuant to the arbitration agreement executed by Plaintiff in the course of his employment with Defendant. Yet regardless of their resolution, they will not alter the potential recovery to which Plaintiff claims he is entitled. In particular, Plaintiff purportedly worked a fixed number of shifts at Defendant's restaurant and he no longer works there. Moreover, Plaintiff was a short-term employee who was employed with Defendant for less than two months. Thus, no matter how much effort the Parties spend litigating the merits of Plaintiff's claims before this Court or in arbitration, potential recovery is fixed to a small monetary amount and will never change. Thus, given the nature of the claims and the substantial expense involved in pursuing this action, early resolution is in all parties' interest. Because early resolution of this case would avoid substantial costs, this factor likewise favors approval.

### 3. The Likelihood of Success on the Merits

Plaintiff's likelihood of success on the merits, as well as the amount he would be awarded in the event he was successful on his claims, is uncertain. This further suggests that the settlement is fair and appropriate.

As to Plaintiff's alleged claims, the evidentiary support for such claims will consist primarily of Plaintiff's own testimony, which will be directly contrary to the testimony of Defendant's witnesses. This inherently gives rise to a question of fact

in which the jury or arbitrator may or may not find Plaintiff credible.  Damage to Plaintiff's credibility may result from testimony regarding the circumstances of his separation of employment, which may in turn negatively affect his ability to persuade the finder of fact that he was not wages for time worked despite Defendant's evidence to the contrary.  Related to the foregoing, there is no evidence known at this time, other than Plaintiff's anticipated testimony, that the alleged violation of the FLSA reduced Plaintiff's effective wage rate below the applicable minimum wage in any workweek.[2]  Accordingly, whether Plaintiff can succeed on the merits of his claims is far from certain.

Regarding class certification, it is virtually certain that Plaintiff will be unable to obtain collective certification of this matter.  Plaintiff concedes that he signed a valid and binding arbitration clause requiring arbitration of any and all claims he

---

[2] To establish a minimum wage violation of the FLSA, a plaintiff must prove that his or her effective minimum wage fell below the applicable minimum wage in a given workweek.  In the absence of such evidence, there is no violation.  *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F. 3d 775, 780 (6th Cir. 1995) ("[S]everal courts have held that an employer meets the minimum wage requirements if the total weekly wage paid is equal to or greater than the number of hours worked in a week multiplied by the statutory minimum hourly rate."); *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986) ("No violation [of the FLSA] occurs 'so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.").

may assert against Defendant to the extent they arise out of his employment.[3]  And

even if he did dispute this, which he does not, statutory wage claims, including those

under the FLSA, are not outside the scope of an enforceable arbitration clause.

*Gaffers v. Kelly Servs.,* No. 16-2210, ___F. 3d. ___, 2018 U.S. App. LEXIS 22613,

*6, 2018 FED App. 0170P (6th Cir. Aug. 15, 2018) ("because the FLSA does not

'clearly and manifestly' make arbitration agreements unenforceable, we hold that it

does not displace the Arbitration Act's requirement that we enforce the employees'

agreements as written."); *see generally Pennington v. Frisch's Rests., Inc.*, 147 F.

App'x 463 (6th Cir. 2005) (reversing denial of motion to compel arbitration as to

claimed FLSA violations).[4]

Given the existence of an enforceable arbitration agreement containing an

express waiver of any right to a collective or class action, Plaintiff will almost

---

[3] Prior to reaching a settlement in this matter, the parties informally agreed to arbitrate all claims. On September 26, 2018, counsel for Defendant provided Plaintiff's counsel a propped stipulated order compelling arbitration.  The parties did not submit this proposed stipulated order because a settlement was reached shortly thereafter, thus, obviating the need for continued litigation.

[4] *See e.g., Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326 (11th Cir. 2014) (finding arbitration agreement which waived an employee's right to bring a collective action under the FLSA enforceable under the FAA); *Sutherland v. Ernst & Young LLP,* 726 F.3d 290 (2d Cir. 2013) (compelling arbitration of FLSA and New York wage-and-hour claims); *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297-98 (5th Cir. 2004) (same); *Bailey v. Ameriquest Mortgage Co.*, 346 F.3d 821, 824 (8th Cir. 2003) (same); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002) (same); *Raniere v. Citicorp. Inc.*, 533 Fed. App'x 11, 13-14 (2d Cir. 2013) (same).

assuredly be unable to arbitrate his claims as a collective action. See *Gaffers*, ___ F. 3d. at ___, 2018 US App. LEXIS 22613 at \*2; *see also McGrew v. VCG Holding Corp.*, 2, __ Fed. Appx. __, 2018 U.S. App. LEXIS 23796, \*2-3, 2018 WL 4030739, 2018 FED App. 0432N (6th Cir.  Aug. 23, 2018) ("individual arbitration agreements do not conflict with the NLRA's collective-action guarantees. . . .").[5, 6]

Accordingly, there are substantial factual and legal issues in this case that leave liability far from certain. Moreover, these legal and factual issues that if decided in Defendant's favor would preclude Plaintiff from any recovery, render the proposed settlement fair and reasonable. As such, this factor strongly favors approval of the proposed settlement.

### 4. Opinion of Counsel

Plaintiff's counsel is of the opinion that settlement is in the parties' interest. *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 557 (S.D. Ohio 2000).

---

[5]  *See also Siy v. CashCall, Inc.*, 2014 U.S. Dist. LEXIS 1472, \*40, 2014 WL 37879 (D. Nev. Jan. 6, 2014) ("In short, the overwhelming weight of authority supports Defendant's position that an arbitration agreement containing a collective action waiver of FLSA claims is valid and enforceable under the FAA."), *Adkins,* 303 F.3d at 503; *Carter,* 362 F.3d at 298; *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013); *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-20 (9th Cir. 1996) (finding no evidence that Congress intended to preclude arbitration of FLSA claims in the text or legislative history of the statute); *Caley v. Gulf Stream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005).

[6]  Because no class has been certified under Fed. R. Civ. P. 23, the Court need not consider the factors for approving a class settlement under Rule 23(e), as those factors are particular to certified classes.

Plaintiff's Counsel has extensive experience litigating FLSA cases across the country. Defendant is also represented by experienced counsel. All counsel believe that this settlement is in the best interest of their respective clients. Accordingly, this factor favors approval.

### 5. There are no Absent Class Members

This is an FLSA case, and as such, no party may be bound by a settlement unless they "opt-in" to the case. 29 U.S.C. § 216(b) (No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.) Except for the Plaintiff, no person has opted into the case. As such, there are no "absent class members" being bound by this settlement, thereby leaving any person who so desires free to pursue their own wage claims, if they believe they exist. As such, this factor also favors approval.

### 6. The Public Interest

Public interest in judicial economy and amicable dispute resolution favors settlement on the terms voluntarily agreed to by the parties. *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *24 (S.D. Ohio May 30, 2012) (drawing an end to "potentially long and protracted litigation" by virtue of a settlement agreement weighs in the favor of public interest.)  Here, the parties have

voluntarily and amicably resolved their dispute via a settlement that all parties have agreed to. Thus, this factor also favors approval.

In this case, all six factors the court is to consider in determining whether a settlement is "fair and reasonable" favor approval of the settlement. As such, the parties ask the Court to approve the settlement and enter an order of dismissal with prejudice.

### B.   PLAINTIFF'S ATTORNEYS' FEES AND COSTS[7]

Section 216(b) of the FLSA provides that "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Here, the parties agreed to payment for attorney's fees as set forth in the settlement agreement (Ex. A, ¶ 1(c)). The amount in attorney's fees was agreed upon separately and without regard to the amount paid to Plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

---

[7] Defendant lacks information regarding the time that Plaintiff's counsel spent performing particular tasks in this matter and therefore, cannot evaluate the reasonableness of such time. However, because Defendant believes that that the overall fee request is within the range of reasonableness, it has agreed not object to Plaintiff's fee request. Defendant does not join the argument regarding fees.

Congress enacted fee-shifting statutes in order to ensure that federal rights are adequately enforced.  Under a fee-shifting statute, "a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious" action to vindicate the rights protected under the statute. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "Fee awards must be structured so that attorneys of quality and experience with other profitable demands upon their time will not need to sacrifice income available in alternative enterprises in order to effect a public policy intended to protect all citizens." *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993). The Supreme Court has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue,* 559 U.S. at 552.

Moreover, "[i]n FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Spencer v. Cent. Servs., LLC*, 2012 U.S. Dist. LEXIS 4927, *11 (D. Md. Jan. 13, 2012). The FLSA is a remedial statute that "'has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" *Johnston v. Spacefone Corp.*, 706 F.2d 1178, 1182 (11th

11

Cir.1983) (quoting *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959)). Awarding employees their attorneys' fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, 2005 WL 3591962, at *3 (M.D. Ga. 2005).  Here, Plaintiff's counsel's fees and costs are based upon his lodestar through the settlement process and are reasonable given the complex legal theories presented in the case; the amount of resources expended to investigate, research, and analyze Plaintiff's claims; responding to Pre-Hearing Motion Conference requests; and negotiating the settlement. Specifically, Plaintiff's counsel has litigated this case since July of 2017, which has entailed: investigating the claims, drafting pleadings, analyzing the merits of Defendant's demand for arbitration, investigating the proper defendant, negotiating settlement, travelling, researching similar case history and case law regarding arbitration agreements, and more. The activities undertook in litigating this case and reaching the present agreement were reasonable and necessary.

The fees contained in the settlement agreement are consistent with the lodestar amount. The lodestar amount is the "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). As to the time and labor required for this litigation, attached to this Motion as **Exhibit C** is the Biography of Brian Yaldou (lead counsel for Plaintiff) outlining the

attorneys' experience with complex wage and hour litigation. At the time this motion was drafted, Plaintiff's Counsel has expended 19.6 hours litigating this case.  This results in a lodestar of $5,720.00 ($5,720.00 / 14.3 hours = $400.00 per hour). The settlement agreement before the court only seeks attorneys' fees in the amount of $3,500.00, approximately 60% of Plaintiff's Counsel's lodestar. Plaintiff believes this to be a reasonable amount given the totality of the settlement agreement.  The Sixth Circuit has held that "[a] reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Plaintiff submits that his attorneys' fees and costs are reasonable and should be approved.

### C. CONCLUSION

Plaintiff and Defendant agree that the settlement, the terms of which are set forth in **Exhibit A**, is a fair and reasonable resolution of a bona fide FLSA dispute. As such, the parties jointly request that this Court approve the settlement and enter the order attached hereto as **Exhibit B**.

**WHEREFORE**, Plaintiff and Defendant respectfully move this Court for entry of an Order (i) **GRANTING** this Motion; (ii) **APPROVING** the settlement of this matter; and (iii) **DISMISSING** this action in its entirety <u>with</u> prejudice and <u>without</u> further costs and fees.

13

Respectfully Submitted,


/s/ Bryan Yaldou                          /s/ Allan S. Rubin, with consent
Bryan Yaldou (P70600)                     Allan S. Rubin (P44420)
Elaina S. Bailey (P82461)                 Daniel C. Waslawski (P78037)
THE LAW OFFICES OF BRYAN YALDOU, PLLC     JACKSON LEWIS, P.C.
23000 Telegraph, Suite 5                  2000 Town Center, Suite 1650
Brownstown, MI 48134                      Southfield, Michigan 48075
Phone: (734) 692-9200                     (248) 936-1900
Fax: (734) 692-9201                       rubina@jacksonlewis.com
bryan@yaldoulaw.com                       daniel.waslawski@jacksonlewis.com
*Attorneys for Plaintiff*                 *Attorneys for Defendant*

Dated: November 13, 2018                  Dated: November 13, 2018